## THE POWELL BARGES NOS. 5 AND 7.

### (District Court, S. D. Alabama. April 1, 1919.)

### No. 1711.

COLLISION ☞117—PLEADING—SUFFICIENCY.

In a libel suit, claimant's allegations that the barges causing the damage were owned by it, but had been chartered to a lumber company, which had full control of them at the time of the collision, that the lumber company had employed a fuel company to tow the barges, and that claimants did not know whether the barges were properly loaded or tied, but, if not, the negligence was that of the lumber or fuel company, *held* sufficient to bring the lumber and fuel companies into court.

Libel by Sebastian Gonzales and others against the Powell Barges Nos. 5 and 7, to which an answer was filed seeking to make the Brannock Lumber Company and the Southern Fuel & Material Company parties to the case. On motion of the Southern Fuel & Material Company to quash process. Motion denied.

Howard & Pegues, of Mobile, Ala., for libelants.

Palmer Pillans, of Mobile, Ala., for claimant.

Harry T. Smith & Caffey, of Mobile, Ala., for movant.

ERVIN, District Judge. This matter has heretofore been argued on the motion of the Southern Fuel & Material Company to quash process against them; said motion being submitted and held for consideration.

The libel in this case was based on an alleged collision of the barges, Nos. 5 and 7, with a vessel owned by libelant, and it was averred that the barges were improperly loaded and broke away from their mooring, and were blown against the vessel of libelants, causing considerable damage to said vessel.

Claimants answered the libel, and further set up that the barges were chartered by them to the Brannock Lumber Company, who had the full custody and control of the barges at the time of the alleged injury, and that said barges were not then in the custody and control of claimants; that the Brannock Lumber Company employed the Southern Fuel & Material Company to tow said barges from the place of loading to the wharf of the Southern Fuel & Material Company, where the barges were tied; that claimants knew nothing of the fact as to whether the barges were properly loaded or properly tied, but that, if they were improperly loaded or improperly tied, the negligence in this respect was either that of the Brannock Lumber Company or the Southern Fuel & Material Company, and pray that these two companies might be made parties to the case. Process was issued against both companies, and this motion was then made by the Southern Fuel & Material Company.

The motion is based largely upon the idea that there are not sufficient allegations of fact showing or charging any wrongful act on the part of the Southern Fuel & Material Company contained in the petition of claimants, asking that the said Southern Fuel & Material Company be made a party defendant. The petition shows that claimants owned

the barges, but that these barges, Nos. 5 and 7, were chartered by claimants to the Brannock Lumber Company, who had complete custody and control over them at the time of the alleged collisions, and at the time the barges were turned over to the said Brannock Lumber Company they were properly equipped with new and approved mooring equipment, consisting of steel chains and manila hawsers, sufficient to properly tie them; that they are informed that the Southern Fuel & Material Company was employed by the Brannock Lumber Company to tow said barges from the place where they had been laden with lumber to Mobile; and that the Southern Fuel & Material Company had taken said barges in charge and towed them to Mobile, and tied them at the wharf of the said Southern Fuel & Material Company. Then follow allegations that, if there was any improper loading of same, it was done by the charterer or some one for it, and, if there was any improper mooring and securing of said barges, the same was done by either the Southern Fuel & Material Company or by the charterers, or some one representing them. The allegation is made in the petition that petitioner is not informed of the facts as to the improper loading and as to the improper mooring of the said barges, as the barges were not then in the custody of claimants.

It seems to me that, under these allegations, claimants have alleged all they could properly allege, because they show that they are not informed of the facts, and how could they allege specific acts of negligence on the part of the Southern Fuel & Material Company, in the absence of information by them of these acts?

The motion to make the Southern Fuel & Material Company and the Brannock Lumber Company party defendants is based upon the analogy to admiralty rule 59 (29 Sup. Ct. xlvi). In The Alert (D. C.) 40 Fed. 836, all we know of the petition is contained in the opinion, where it is said:

"The Alert was a chartered ship, and, being sued * * * for negligent damage to cargo, by the breaking of her tackle while discharging, under the charterers, her owners in their answer say that the tackle was furnished either by the shipper or by the charterers, under a special agreement between them, and not by the ship, and they now move that the charterers be made codefendants."

The able opinion of Brown, J., on reargument of the exceptions, shows cogent reasons why the Southern Fuel & Material Company should be made parties defendant to this libel, because, if, as a matter of fact, they were guilty of negligence, either in loading or in mooring the barges, they should be brought into this suit, where they can have an opportunity to defend in one trial the charges of negligence in this respect, because, if the negligence was theirs, they are the ones who should respond to whatever judgment is rendered, and not the barges and their owners.

Judge Brown, quoting from the Epsilon Case, 6 Ben. 378, Fed. Cas. No. 4,506, further shows the broad equities of the admiralty court and its power and purpose to do justice by bringing in parties who may be necessary to effectuate justice and pursuing methods unknown to other courts, where necessary to effectuate justice in the cause, even though the rules as laid down do not strictly cover the matter, for in these

cases they can proceed by analogy to the rules, and where the ordinary equity rules and forms do not specifically cover cases, the admiralty courts have the power to make such rules and forms as may be necessary.

In the case of The Barnstable, 181 U. S. 464, 21 Sup. Ct. 684, 45 L. Ed. 954, the Supreme Court expressly recognizes the practice referred to in The Alert of extending rule 59 to cover analogous cases. In the statement of facts, the allegations wherein a third party was sought to be brought in were referred to as follows:

> "Before the time to answer expired, the Turret Company presented a petition, setting forth that at the time of the collision the Barnstable was chartered to the Boston Fruit Company, a Massachusetts corporation; that the charterer supplied its own officers and crew, who were navigating the vessel at the time of the collision, and that, if there were any faults on the part of the Barnstable, they were the faults of the charterer and not those of the owner."

It seems to me that the petition in the instant case follows what is here recognized as a sufficient petition.

A decree will therefore be entered, denying the motion to quash the service.